### ERIE R. CO. v. O'DELL. *
#### No. 5618.

Circuit Court of Appeals, Sixth Circuit.
Jan. 13, 1931.

E. A. Foote, of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for appellant.

John Ruffalo, of Youngstown, Ohio (Edwin Drake, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

#### PER CURIAM.

Plaintiff brought suit for the death of her husband, O'Dell, resulting from a collision of the automobile he was driving with one of the defendant's trains at State street crossing in the village of Barberton, Ohio. It was alleged that the defendant was negligent in the operation of its train and in maintaining a rough and irregular crossing. The answer denied negligence and pleaded contributory negligence. There was a judgment for the plaintiff. The sole contention of the railroad company on this appeal is that deceased was guilty of negligence as a matter of law.

At the point where the accident occurred, State street runs practically north and south, crossing the tracks of defendant, east and west bound, at about right angles. Decedent was traveling south, and the train was on the west-bound track running westwardly. The accident occurred about noon. As deceased approached the crossing, he stopped his car ten or twelve feet from the west-

bound track. In the car with him was a man named Barlo, who testified that as the automobile stopped he (Barlo) looked along the track in both directions, saw the train about four or five hundred feet from the crossing, and thought it was moving in an easterly direction, away from the crossing; that deceased then started his engine up, and when they reached the west-bound track the train came upon them suddenly, striking the automobile, demolishing it and killing O'Dell. The witness thought the train was running at the rate of 30 or 35 miles an hour. He said that immediately before the accident the car wheels dropped down between some boards of the crossing and stalled the car; that deceased called to him to jump, which he did at once, and barely missed being struck. The train was backing at the time, and according to Barlo a box car was in the lead, followed by the tender, next the engine, and then three or four other box cars. The defendant's evidence was that the engine tender was leading, and next to it the engine. It is conceded that the engineer and fireman were not keeping an effective lookout. There was abundant evidence, too, of lack of proper warning of the train's approach.

It is admitted by appellant that there was evidence of negligence on the part of the train operatives. We do not regard the condition of the crossing, if defective, as plaintiff claims, as materially indicating actionable negligence against the defendant. It is only pertinent to the issues here presented in so far as the jury might consider it in justification of decedents' not looking again but paying attention to getting across the tracks.

Contributory negligence would be clear if the testimony did not tend to show that decedent looked with reasonable care at a point where looking would be effective. It would be equally clear if he saw the train approaching and attempted to pass over the tracks before it reached the crossing. . Barlo said that at the time the car was stopped the train was four or five hundred feet away, and he thought it was moving in an easterly direction away from the crossing. This might well be true if, as he said, there was a box car nearest the crossing, because this was a main track, and ordinarily trains are operated on such tracks with the engine in the lead. Looking down a track four or five hundred feet and observing a box car in motion, one might well be mistaken in the direction in which it is moving. On the other hand, the train was on the west-bound track, and usually trains on that track moved in a

*Certiorari denied 51 S. Ct. —, 75 L. Ed. —.

westerly direction. It does not appear, however, that such was always the case. A permissible inference from the evidence is that deceased looked and, when he saw the train, thought it was moving away from the crossing. Whether such a mistake was negligence as a matter of law depends upon whether it might normally occur, which in turn depends upon the distance of the train from the crossing at the time it was observed. If it was four or five hundred feet away and moving at the rate of 30 or 35 miles an hour, it would have reached the crossing in 8 or 10 seconds, in which time it would seem the automobile ought to have moved more than ten or twelve feet and passed the crossing. The starting in motion of the automobile, though, may have consumed some time. The question is one of seconds, and we are not prepared to disregard Barlo's statement of distance considering the speed of the train and the necessity of moving the automobile from a stationary position. Nor are we convinced that the mistake which decedent probably made was negligence as a matter of law.

The judgment is affirmed.